UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00020-JPH-MJD |
| ) | |
| K. HOBSON, ) | |
| A. WRIGHT, ) | |
| BOBBI, ) | |
| ) | |
| Defendants.[1] ) | |

**Order Denying Motion for Preliminary Injunction**

Plaintiff Joshua Taylor filed this lawsuit alleging that following his transfer to Wabash Valley Correctional Facility in June 2019, the defendants delayed providing him a bottom bunk pass, the opportunity to see a doctor, and medications to treat his back pain for a period of four months. He subsequently filed a motion for preliminary injunction to restrain the defendants from retaliating against him. Mr. Taylor alleges that in retaliation for filing this lawsuit he has been refused his medications every day for three months. Dkts. 56 and 57. The defendants dispute that preliminary injunctive relief is appropriate, and the plaintiff has replied.

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois,* 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). The party must show that: (1) "absent a preliminary injunction, it will suffer

---

[1] The **clerk is directed** to update the docket to reflect the following: K. Hobson is "KIM HOBSON"; A. Wright is "AMY WRIGHT"; and Bobbi is "BOBBI RIGGS."

1

irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id*. Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id*. In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*.

Here, Mr. Taylor argues that preliminary injunctive relief is needed "to make sure [he] receives his meds, and the nurses stop retaliating against him for exercising his rights." Dkt. 57 at p. 5. Defendants have provided evidence showing that Mr. Taylor has regularly received his medications. This includes Mr. Taylor's medical records from August of 2020 through December of 2020. Dkt. 60 at p. 8. While there are a few days over the months of August to December 2020 where Mr. Taylor did not receive his medication, the government explains that reasons unrelated to retaliation may account for this, such as refusal of medication, not being present during medication pass out times, or failures by the pharmacy to refill or deliver the medication. *See* Dkt. 60 at p. 7. The records contradict Mr. Taylor's claim, and he does not dispute their accuracy. Mr. Taylor's motion for preliminary injunction, dkt [56], is therefore **denied** because he cannot show a likelihood of success on the merits.

**SO ORDERED.**

Date: 3/1/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOSHUA TAYLOR
160810
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Marley Genele Hancock
CASSIDAY SCHADE LLP
mhancock@cassiday.com

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com